IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. ANGELINA KENNEDY,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )   CIVIL ACTION NO. 17-00114-KD-N<br>) |
| WARREN PROPERTIES, LLC, *et al.*,<br>    Defendants. | )<br>) |

**ORDER**

This action is before the Court on Plaintiff D. Angelina Kennedy's Motion to Extend Process and Service (doc. 14), the Court's Order to show cause why this action should not be dismissed without prejudice as to certain un-served Defendants (doc. 41), and Plaintiff's response (doc. 49). [1]

I. Background

On March 10, 2017, Kennedy filed a complaint in this Court (doc. 1). On April 4, 2017, she amended her complaint (doc. 4). Kennedy alleges violations of the Fair Housing Act, 42 U.S.C. 3601, *et seq*, based on race, violations of § 3617 of the Act which makes it unlawful to coerce, intimidate or threaten a person in the exercise of their rights protected by the Act, violations of the Equal Protection Clause of the 14th Amendment ("Class of One" based on race), criminal conspiracy under 18 U.S.C. § 241, and civil conspiracy under 42 U.S.C. § 1985(2). Kennedy seeks to "recover damages pursuant to 42 U.S.C. § 1983 (doc. 4). In support Kennedy sets forth specific

---

[1] Embedded in the response, is a motion to amend the complaint to correct clerical mistakes (doc. 49, p. 3). The motion is denied. Kennedy appears to seek an amendment to remove Amy Johnson and Danielle Dowdy as defendants. That matter will be addressed by separate order. Kennedy appears to seek an amendment to add Matthew Green as a defendant on the Defendant List. However, Green is already listed on the Defendant List attached to the amended complaint (doc. 4, p. 12). He is also named as a defendant in the style of the amended complaint (doc. 4, p. 1).

actions taken by the individual and corporate Defendants from 2002 until 2012, before Kennedy moved out of Warren House Apartments in February 2013.

Kennedy identified twenty-four defendants. On June 22, 2017, after unsuccessful attempts to obtain Waivers of Service, summons issued to twenty-two defendants (doc. 12). Summons were not issued as to two defendants.[2] At that time, sixteen defendants had either been served with the summons and complaint or had joined in a dispositive motion.[3]

Kennedy moved the Court for an extension of time to serve the remaining six defendants: Brandi Sheppard, Cedrick Sellers, Angela Santos, Hazel Lewis, Duncan Cunningham, and Gary Alan Moore (doc. 14). In compliance with Rule 4(m) of the Federal Rules of Civil Procedure, the Court notified Kennedy that the Court intended to dismiss without prejudice the claims against these un-served Defendants, unless Kennedy showed good cause why the action should not be dismissed without prejudice as to those Defendants (doc. 41). Kennedy has now filed her response (doc. 49).

II. Statement of the Law

Rule 4(m) of the Federal Rules of Civil Procedures defines the time limit for service of the summons and complaint. Rule 4(m) sets forth as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--

---

[2] Danielle Dowdy and Amy Johnson will be dismissed without prejudice by separate order.

[3] Warren Properties, Inc., Ronald T. Warren, Frank R. Warren, Joanne C. Warren, Richard Colbourne, Linda Prosi, Veronica Young, Nickie Kidd, Sabrina Gross, Debra Ivy, Ashley Rich, Michael Kaoui, David Wible, and Judge Matthew Green were served. Although Kennedy did not have proof of service as to Brian Adkins, he joined the motion for summary judgment filed by Warren Properties, Inc. (doc. 21). Although Kennedy did not have proof of service as to Derrick Williams, he joined the motion to dismiss filed by David Wible and Judge Matthew Green (doc. 19). Neither Adkins nor Williams raised any argument that this Court did not have personal jurisdiction.

> must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m).

> In this circuit, the district court
>
> has a great deal of discretion in extending the time for service of process. *Lepone-Dempsey v. Carroll Cnty. Comm'rs.,* 476 F.3d 1277, 1281 (11th Cir. 2007)("[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.") Indeed, the Eleventh Circuit has concluded " '[g]ood cause' exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' " *Anderson v. Osh Kosh B'Gosh,* 255 Fed. Appx 345, 347 (11th Cir. 2006).

*Robinson v. Alabama State Univ.*, 2017 WL 2644069, at *1 (M.D. Ala. June 5, 2017), report and recommendation adopted, 2017 WL 2643615 (M.D. Ala. June 19, 2017).

> Thus, under Rule 4(m), the Court must first determine if good cause exists for an extension of time. If good cause exists, the Court must extend the time for service. If, however, the Court finds that Plaintiff has failed to demonstrate good cause for the failure to effect service, the Court may consider whether, in its discretion, it should extend the time for service or dismiss the case without prejudice.

*Collins v. Fulton Cty. Sch. Dist.*, 2012 WL 12924985, at *2 (N.D. Ga. Dec. 4, 2012) (citations omitted).

III. <u>Analysis</u>

A. <u>Tenants Brandi Sheppard, Cedric Sellers and Angela Santos, and Warren House Employees Hazel Lewis and Duncan Cunningham:</u>

Previously, the Court found that Kennedy had not shown good cause why she had not served these Defendants within the time limit set forth in Rule 4(m) (doc. 41). The Court then considered whether, in its discretion, other facts or circumstances warranted extending the time for service. (Id.). In that regard, the Court explained that Kennedy's claim for violation of the Equal Protection

3

Clause of the Fourteenth Amendment, apparently brought pursuant to 42 U.S.C. § 1983, was not viable because these Defendants were acting as private individuals and not as state actors (Id, p. 6). The Court explained that Kennedy's claims under the Fair Housing Act, if viable against these Defendants, would be barred by the two-year statute of limitations because her claim with Housing and Urban Development was closed on July 23, 2014 and her complaint was not filed until March 10, 2017, after the statute of limitations had expired (Id., p. 7). The Court explained that Kennedy's claims against these Defendants for criminal conspiracy under 18 U.S.C. § 241 were not viable because there are no civil remedies for violations of this criminal statute (Id.). The Court explained that Kennedy's claims against these Defendants for conspiracy under 42 U.S.C. § 1985(2) may not be viable because the two-year statute of limitations expired. The last incident of conduct that could remotely be interpreted as part of a conspiracy under subparagraph (2) occurred on July 30, 2012 (Id., p. 8). Thus, based upon the facts alleged in the complaint, the two-year statute of limitations had lapsed before Kennedy filed her complaint.

After consideration of these facts and circumstances, and in compliance with Rule 4(m), the Court notified Kennedy of its intent to exercise its discretion and dismiss without prejudice the claims against these un-served Defendants, unless Kennedy could show good cause why the claims should not be dismissed (Id., p. 9). Kennedy has now filed a response to the Court's Order (doc. 49). However, she did not raise any argument as to Defendants Brandi Sheppard, Cedric Sellers, Angela Santo, Hazel Lewis and Duncan Cunningham (doc. 49).[4]

Therefore, upon consideration, the Court finds that there are no other circumstances that "warrant an extension of time based upon the facts of this case." *Lepone-Dempsey,* 476 F.3d at

---

[4] Kennedy's response is captioned "Response to Chief Judge Kristi K. DuBose's Order (Doc. 41) '[Plaintiff] Show Good Cause Why Defendant Mr. Gary Alan Moore Should Not Be Dismissed Without Prejudice'" (Doc. 49).

1281. Accordingly, Kennedy's claims against Defendants Brandi Sheppard, Cedric Sellers, Angela Santo, Hazel Lewis and Duncan Cunningham are dismissed without prejudice. *See Gonsalvez v. Celebrity Cruises, Inc.,* 750 F. 3d 1195, 1197 (11th Cir. 2013) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'") (citation omitted).

B. Gary Alan Moore

Kennedy alleges that in 2012, former Assistant United States Attorney Gary Alan Moore was assigned to interview her regarding the Housing and Urban Development complaint. However, before the interview, Moore called Warren Properties and certain other persons, and told them about her complaint and the interview. Kennedy alleges that his contact caused her to receive more threats and harassment by Warren Properties' employees and tenants. Kennedy also alleges that during the state court criminal cases in 2012, Mobile County District Attorney "Ashley Rich was contacted by Gary Moore because Warren Properties needed to protect [tenant] Veronica Young that she would never be prosecuted for assaulting me." (Doc. 4, p. 7) Moore accepted service of the Notice of Lawsuit and Request for Waiver, but he did not file a waiver. The Summons and Complaint were returned un-claimed.

Previously, the Court found that Kennedy, in her motion to extend time for service, had not presented any evidence that an outside factor, such as reliance on faulty advice, prevented service within 90 days of filing the complaint, not presented any evidence that she attempted service by any of the alternate methods available under Rule 4, or any evidence that she served the United States, which is necessary when suing its employee. *See* Fed. R. Civ. P. 4(i)(1) and 4(i)(3). The Court found that Kennedy had failed to show good cause as to why she had not timely served Moore. (Doc. 41, p. 9-11). The Court then considered whether other facts or circumstances, such as whether the facts alleged by Kennedy state a plausible claim against Moore and whether any statute

5

of limitation may prevent Kennedy from re-filing if this action is dismissed, warranted extending time to serve Moore.

The Court found that Kennedy's factual allegations against Moore appeared to implicate a civil rights conspiracy claim under 42 U.S.C. § 1985(2), but his actions clearly fell within the discretionary functions of an Assistant United States Attorney, and therefore, he was immune from suit. The Court also determined that the applicable two-year statute of limitations may have expired before Kennedy filed her complaint. The Court then found that dismissal of this action as to Moore without prejudice as provided in Rule 4(m), instead of extending the time for service might be the appropriate action, because, as plead, there did not appear to be a viable cause of action against Moore.

The Court notified Kennedy of its intent to exercise its discretion and dismiss without prejudice her claims against Moore, unless she showed good cause why the claims should not be dismissed. Kennedy has now filed a response to the Court's Order (doc. 49). However, Kennedy does not dispute the Court's finding that Moore was immune from suit or that the statute of limitations expired. Instead, Kennedy provides an outline of activities that occurred in 2012 and 2013 (doc. 49, p. 5-26). Therefore, upon consideration, the Court finds that there are no other circumstances that "warrant an extension of time based upon the facts of this case." *Lepone-Dempsey,* 476 F.3d at 1281. Accordingly, Kennedy's claims against Defendant Gary Alan Moore are dismissed without prejudice.

DONE and ORDERED this the 25th day of September 2017.

> /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**