# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| D. ANGELINA KENNEDY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 17-00114-KD-N |
| | ) | |
| WARREN PROPERTIES, INC, *et al.,* | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the motion for summary judgment and supporting

documents filed by Defendants Warren Properties, Inc., Brian Adkins, Linda Prosi, Sabrina

Gross, and Debra Ivy (the Warren Defendants); the responses and supporting documents filed by

Plaintiff D. Angelina Kennedy; and the Warren Defendants' reply (docs. 21, 39, 53, 56). Upon

consideration, and for the reasons set forth herein, Warren Defendants' motion for summary

judgment is **GRANTED** as to Kennedy's claims arising under the Fair Housing Act; the Equal

Protection Clause; the criminal conspiracy statutes, 18 U.S.C. § 241 and 18 U.S.C. § 371; and

the civil conspiracy claim brought pursuant to 42 U.S.C. § 1985(2), against these Defendants.

I. Factual and procedural background[1]

Plaintiff Kennedy who is a black female, resided at Warren House Apartments from 2002

through February 2013. Defendant Warren Properties, Inc. owns the apartment complex (doc.

21-2, Exhibit A). At relevant times, Defendant Adkins was in-house counsel, Defendant Prosi

---

[1] Defendants' motion is primarily based on affirmative defenses. The relevant facts will be set forth in more detail upon addressing the defenses. Additionally "[a[lthough the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case, 'our analysis ... must begin with a description of the facts in the light most favorable to the plaintiff, and our decision must accept those facts." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (citation omitted).

was the reasonable accommodations facilitator, Defendant Gross was a manager, and Defendant Ivy was an area supervisor for Warren Properties. (Id.)

During the time period from 2011 to 2012, Kennedy complained to Warren Apartment management about vandalism to her vehicle, racial harassment by white tenants,[2] sexual harassment by a white male juvenile tenant and that the juvenile's white mother was recruiting other white and black tenants to harass, threaten and intimidate her in retaliation for the allegation against the juvenile.[3] Also during this time, Apartment management addressed various allegations of improper conduct against Kennedy by other tenants, one of which resulted in Adkins and Prosi sending a non-compliance notice which Kennedy perceived as an attempt to get her to admit guilt for "talking about people" (doc. 4, p. 6).

Based on the harassment, Kennedy made several criminal complaints to law enforcement against several co-tenants and the co-tenants made complaints against her.[4] These complaints

---

[2] In July 2011, Kennedy complained about racial slurs from tenants who were construction workers from Georgia. Defendant Amy Johnson, the Apartment Manager, told Kennedy "corporate office said stay in our apartments until they leave February 2012". Later Kennedy complained about the harassment by Brandi Sheppard. Then Johnson told Kennedy that she "had to sign a paper to stay away from Brandi and her family". (Doc. 4, p. 5) Kennedy refused to sign and "mentioned how unfair it was' and stated that she "could have filed a complaint" when she was told to stay inside her apartment. Johnson told her supervisor Defendant Ivy. Then in late December 2011, Ivy confronted Kennedy - "Then, Debra Ivy, stormed into the office, walked right up on me, got in my face, backing me backwards to the door, screaming that I was the one who said, I could have filed a complaint. I was mortified." (Doc. 4, p. 4-5).

[3] Kennedy alleges that she complained to the Apartment Manager Amy Johnson about the juvenile's sexual harassment. Johnson then told Brandi Sheppard, the boy's mother. Sheppard then began to harass Kennedy and recruited other tenants to do the same; specifically Sheppard's husband Cedric Sellers, Veronica Young, Nichole Kidd, and the construction workers from Georgia.

[4] Kennedy appears to have made two criminal complaints against the juvenile. She also filed criminal complaints against tenants Brandi Sheppard, his mother, Sheppard's husband Cedrick Sellers, Veronica Young, Jean McLeod, and Nicole Kidd. All but McLeod were named (Continued)

resulted in a series of arrests and trials in the City of Mobile Municipal Court. The last event occurred in July 2012, when an altercation occurred in the apartment complex office. This event resulted in Kennedy's arrest for disorderly conduct and her charges for assault against another tenant. When Kennedy was arrested, an outstanding warrant issued from the Mobile County District Attorney resulted in a hold upon her. That warrant, based upon a bad check charge from twenty years earlier, was resolved and Kennedy was released. In September 2012, the tenant against whom Kennedy alleged assault was found not guilty. In February 2013, Kennedy moved out of Warren Apartments. (Doc. 4, Amended Complaint).

Also, during Kennedy's residence she requested a downstairs apartment, but her repeated requests were denied. In early 2012, a white female tenant Jean McLeod was rented a downstairs apartment. (Id.) Soon thereafter, in June of 2012, Kennedy signed a complaint with the U.S. Department of Housing and Urban Development (HUD) against Warren Properties for violations of the Fair Housing Act (doc. 39). In October 2012, the "final signing" occurred and the complaint was sent to Warren Properties (Id.; *see also* doc. 21-2, p. 12-13). On September 11, 2013, the United States Attorney for the Southern District of Alabama wrote Kennedy to explain that after conducting an investigation, the U.S. Department of Justice had determined that no further action by the Department was warranted, and the file would be returned to HUD for appropriate action (doc. 39, p. 9-10). On July 23, 2014, HUD dismissed Kennedy's complaint after informing Defendant Warren Properties that "[b]ased on the evidence obtained during the investigation, HUD has determined that no reasonable cause exists to believe that a discriminatory housing practice has occurred" (doc. 21-2, p. 12-13).

---

as Defendants in this action. The amended complaint is not clear as to which tenants made complaints against Kennedy but in July 2012, she was arrested for disorderly conduct.

On March 10, 2017, Kennedy filed a complaint in this Court (doc. 1). On April 4, 2017, she amended her complaint (doc. 4). Kennedy alleges violations of the Fair Housing Act, 42 U.S.C. 3601, *et seq*, based on race and violations of the anti-retaliation provision of the FHA, 42 U.S.C. § 3617, which makes it unlawful to coerce, intimidate or threaten a person in the exercise of their rights protected by the Act (doc. 4, p. 8, 10). Kennedy also alleges violations of the Equal Protection Clause of the 14th Amendment ("Class of One" based on race) (doc. 4, p. 8-9) Although she did not specifically invoke § 1983 as to her constitutional claim, a liberal reading of her amended complaint indicates that this claim is brought pursuant to that statute. *See Gilmore v. Hodges,* 738 F. 3d 266, 281 (11th Cir. 2013) (citations omitted) ("The law is clear that *pro se* pleadings are held to a less demanding standard than counseled pleadings and should be liberally construed.").

Kennedy also alleges claims for criminal conspiracy under 18 U.S.C. § 241 and 18 U.S.C. § 371, and conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2) (doc. 4, p. 9-10). With regard to her conspiracy claims, Kennedy alleges that the "last overt act" in the "continued conspiracy" claim brought pursuant to 18 U.S.C. § 371, occurred on March 10, 2015 (doc. 4, p. 9). [5]

Kennedy seeks to "recover damages pursuant to 42 U.S.C. § 1983". She also seeks declaratory and injunctive relief, actual and compensatory damages, punitive or exemplary damages, and other relief, as the Court deems just and appropriate (doc. 4, p. 11).

---

[5] Kennedy did not specifically allege in the amended complaint what events occurred on that date or which defendants were involved in those events. However, in her response to the motion for summary judgment, Kennedy states "the date of the last overt act of the conspiracy, for all intents and purposes at this time, that date was the last Trial on Tuesday, March 10, 2015, adjudicated by former Judge Matthew Green" (doc. 39, p. 4). Green is also a defendant in this action. At that time he was a City of Mobile Municipal Court Judge.

II. Conclusions of Law

    A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (Dec. 2010). The Warren Defendants, as the parties seeking summary judgment bear "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark,* 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). In deciding whether the Warren Defendants have met their initial burden, the Court must review the record and draw all reasonable inferences therefrom in a light most favorable to Kennedy, as the non-moving party. *See Whatley v. CNA Ins. Co.,* 189 F.3d 1310, 1313 (11th Cir. 1999).

Once the Warren Defendants meet this responsibility, the burden shifts to Kennedy, as the non-movant, to show the existence of a genuine issue of material fact that would preclude summary judgment. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "In reviewing whether the [non-movant has met the] burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 999 (11th Cir. 1992)

(citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) ((bracketed text added). However, the Warren Defendants would be entitled to summary judgment if Kennedy fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *In re Walker*, 48 F. 3d 1161, 1163 (11th Cir. 1995) (quoting *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552) (bracketed text added). Overall, the Court must "resolve all issues of material fact in favor of [Kennedy], and then determine the legal question of whether [Defendants are] entitled to judgment as a matter of law under that version of the facts." *McDowell v. Brown*, 392 F.3d 1283, 1288 (11ᵗʰ Cir. 2004) (citing *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003)) (bracketed text added).

However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted).

B. Analysis

1. Pending Motions

a. Motion for Leave to Extend Time to Finish Responding to Summary Judgment for Cause (doc. 54).

Kennedy moves the Court for leave to extend the time to respond and includes her additional response in the motion. The Warren Defendants object to the extension (doc. 57). They point out that Kennedy has already filed two responses. They also argue that Kennedy does

not explain why she needs additional time, but instead she simply presents an additional

narrative in support of her earlier responses. Kennedy filed her first response on August 4, 2017

(doc. 39) and also moved for additional time to respond (doc. 38). The motion was granted, the

deadline to respond was extended, and then Kennedy filed her second response (doc. 53).

Upon review, the motion is DENIED. The Court finds no grounds for a second extension

of the deadline and allowing a third response. Kennedy alleges additional facts regarding certain

relationships between two of the City of Mobile Defendants and the Warren Defendants, as

further evidence in support of her conspiracy claims.[6] Kennedy also provides a narrative of

facts, which appear intended to support her claim that the Warren Defendants violated the FHA

by discriminating against her on basis of race. However, a response to a motion for summary

judgment is not the proper method by which to amend the complaint to add new claims and

factual allegations or additional factual allegations in support of existing claims. *See Flintlock*

*Const. Services, LLC v. Well–Come Holdings, LLC,* 710 F.3d 1221, 1227–28 (11th Cir. 2013)

(plaintiffs are precluded from amending their complaint through argument or additional facts at

the summary judgment phase of the proceedings).

b. Motion to Seal (doc. 55)

Kennedy also moves the Court to seal certain exhibits submitted in support of her third

response to the Warren Defendants' motion for summary judgment (doc. 55). Upon review, the

---

[6] Kennedy asserts that she has found a financial relationship "between Warren Properties, Inc. and the City Judicial Officers" which supports her conspiracy claim. She alleges that former City Attorney Lawrence Wettermark (not a defendant in this action) "had financial holdings in the projects at ThyssenKrupp Steel Company [and] Warren Properties, Inc., rents apartments to traveling contractors and construction workers at ThyssenKrupp Steel Company". She also alleges that Wettermark defended Warren Properties when it was sued in 2009 in an action under the Americans with Disabilities Act. Kennedy next alleges that Wettermark was head of the City of Mobile's Legal Department and two defendants – City Attorneys Derrick Williams and David Wible - worked for him. (Doc. 54, p. 1)

motion to seal is DENIED.

Kennedy states that she is concerned for her safety because some of the defendants continued harassing her at her current residence. However, Kennedy has failed to overcome the common law right of public access to court documents by showing good cause why the redacted documents should be sealed. *See United States v. Ignasiak*, 667 F.3d 1217, 1238 (11th Cir. 2012) (identifying the factors that the court may consider in "balancing the public interest in accessing court documents against a party's interest in keeping the information confidential").[7] Kennedy filed copies of her medical test results, medical examination reports, a physical capacities evaluation report, a chart showing the race of some of the defendants, a receipt for purchase of a tire, and a photo of two people whose faces are not visible. However, Kennedy redacted personal data identifiers from all documents and none of the documents include information regarding Kennedy's current physical address. Moreover, redaction is a less onerous alternative to sealing the documents. *United States v. Ignasiak*, 667 F.3d at 1238.

2. The Warren Defendants' motion for summary judgment

The Warren Defendants argue that Kennedy's claims against them are limited to claims under the Fair Housing Act, claims brought pursuant to 42 U.S.C. § 1983, and a claim for conspiracy.

---

[7] The Court of Appeals for the Eleventh Circuit has explained that "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *United States v. Ignasiak*, 667 F.3d 1217, 1238 (11th Cir. 2012) (citation omitted).

a. Statute of limitations as to Kennedy's FHA and Section 1983 claims The Warren

Defendants argue that Kennedy's claims for violations of the Fair Housing Act are barred

by the two-year statute of limitations found in the Act. They point out that Kennedy's HUD

claim, which tolled the limitations period, was closed July 23, 2014, but she did not file her

complaint until March 10, 2017, more than two years later.  Defendants also argue that

Kennedy's Equal Protection claim brought pursuant to 42 U.S.C. § 1983 is barred by the

applicable two-year statute of limitations.[8] They point out that Kennedy filed her complaint more

than two years after September 11, 2012, the latest date of conduct alleged in Kennedy's

amended complaint that could possibly be construed as conduct involving these Defendants.[9]

Defendants also argue that Kennedy's reference to a state court trial before Defendant Municipal

Judge Green on March 10, 2015, as the last overt act of a conspiracy cannot be construed as

giving rise to timely FHA claims or an Equal Protection claim against these Defendants.

Kennedy did not specifically respond to the statute of limitations defense with respect to

her FHA claims. Instead, she admits that the "HUD Case was closed, on July 23, 2014" (doc. 39,

p. 6).  As to her claim for violations of the Equal Protection Clause brought pursuant to 42

U.S.C. § 1983, Kennedy mistakenly argues that "there is no statute of limitation for this statute"

(doc. 53, p. 12).  However, Kennedy also argues that the Warren Defendants

mistakenly believe the statute of limitations has expired. A conspiracy charge is

---

[8] Kennedy, who is black, alleges that starting in 2002, she repeatedly asked for a downstairs apartment because of her health conditions, but Defendant Warren Properties' employee Hazel Lewis, who is white, denied her requests.  Then, in January 2012, Lewis rented a downstairs apartment to Jean McLeod, who is white.  Kennedy alleges that McLeod was given the apartment because she is white and wanted more room, but Kennedy's requests were denied and she was threatened with eviction for making the requests.

[9] The Warren Defendants point out that Kennedy moved out of Warren Apartments in February 2013.

9

> part of the complaint. … By nature of this particular civil conspiracy 18 U.S.
> Code § 371, it comparatively tolls the statute until 2 years after the last over act.
> This statute keeps running as long as the conspiracy is continued, the date of the
> last overt act of the conspiracy, for all intents and purposes at this time, that date
> was the last trial on Tuesday, March 10, 2015, adjudicated by former Judge
> Matthew Green.

(Doc. 39, p. 4).  Kennedy points out that she filed a civil lawsuit, "though there are still criminal

statutes running that could and can address the elements of this case" and that she "may have to

toll the statutes if it comes to it" (doc. 53, p. 2).  Thus, Kennedy appears to argue that since the

limitations period for her criminal conspiracy claims under 18 U.S.C. § 371 began to run on

March 10, 2015, the limitations period for all claims also began to run on that date; therefore, her

complaint filed on March 10, 2017 was timely.

Constitutional claims brought pursuant to 42 U.S.C. § 1983 are tort actions, which are

"subject to the statute of limitations governing personal injury actions in the state where the §

1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Therefore, Alabama's two-year limitations period for personal injury actions applies. *See* Ala.

Code. § 6–2–38(l) ("All actions for any injury to the person or rights of another not arising from

contract and not specifically enumerated in this section must be brought within two years.").

This action was not filed until March 10, 2017, more than two years after the last

allegations of conduct on the part of the Warren Defendants that could possibly have formed a

factual basis for Kennedy's Equal Protection claim. The last allegation of conduct is found in

paragraph 36 of Kennedy's complaint. She alleges as follows: "July 9, 2012, I had been offered,

I accepted and signed for a reasonable accommodation unit." (Doc. 4, p. 6)  From paragraph 37

forward, Kennedy alleges facts regarding an assault by another tenant, conduct of other tenants

and certain Warren employees that facilitated the assault, and the criminal proceedings regarding

her criminal complaints against certain tenants and their respective criminal complaints against

her.  Kennedy moved out of Warren Apartments in February 2013.  Therefore, summary

judgment is granted in favor of the Warren Defendants as to their statute of limitations defense

and Kennedy's Equal Protection Claim is time barred.

The FHA statute of limitations provides as follows:

> An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C.A. § 3613(a)(1)(A).   The two-year limitation period is tolled during the pendency of a

HUD claim. 42 U.S.C. § 3613(a)(1)(B).

There is no dispute of fact that Kennedy's HUD complaint was dismissed in July 2014.

Therefore, the two-year limitation period expired in July 2016.  Kennedy did not file her

complaint until March 10, 2017. Therefore, summary judgment is granted in favor of the Warren

Defendants as to their statute of limitations defense and Kennedy's claims pursuant to the FHA

are time barred.

b. Conspiracy[10]

Defendants argue that Kennedy relies upon criminal statutes - 18 U.S.C. § 241 and 18

U.S.C. § 371 - which do not provide a private civil cause of action for conspiracy. Defendants

argue that summary judgment should be granted in their favor as to any claim for conspiracy

brought pursuant to these criminal statutes.  The Court agrees. Thus, to the extent that Kennedy

---

[10]  Defendants also argue that assuming Kennedy intended to assert a claim for civil conspiracy, that claim fails for lack of an underlying wrong.  Applying the law of the State of Alabama, Defendants argue that liability for civil conspiracy rests upon the existence of an underlying wrong, but when the underlying wrong is dismissed on summary judgment, the civil conspiracy action based on that underlying wrong is also due to be dismissed.  However, Kennedy does not appear to have asserted a claim for conspiracy under Alabama law.

has alleged conspiracy under these statutes, Defendants are entitled to judgment as a matter of law.  These statutes are "criminal in nature" and provide no civil remedies. *Holt v. Baker*, - - - Fed. Appx. - - -, 2017 WL 4551197, at \*2 (11th Cir. Oct. 12, 2017) (affirming the district court's decision that plaintiff could not maintain a civil action based on 18 U.S.C. § 241 because it is "criminal in nature and provide[s] no civil remedies.'"); *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014), *aff'd sub nom. Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 626 F. Appx. 935 (11th Cir. 2015) (plaintiffs cannot bring civil claims under federal criminal statutes, including 18 U.S.C. § 371); *Mathis v. Philadelphia Elec. Co.*, 644 F. Appx. 113, 116 (3d Cir. 2016) (affirming the district court's decision to dismiss plaintiff's claims brought pursuant to 18 U.S.C. § 371 because the criminal statute does not "create a private right of action.").

Kennedy also alleged conspiracy pursuant to 42 U.S.C. § 1985(2). She did not specifically allege the last date of a conspiratorial act in support of that claim.  However she alleged that the last overt act of the conspiracy under 18 U.S.C. § 371 occurred on March 10, 2015 (doc. 4, p. 9).  Since the Court should construe her *pro se* complaint liberally, and because Kennedy grouped all her conspiracy claims – 18 U.S.C. § 241, 18 U.S.C. § 371, and 42 U.S.C. § 1985(2)  - under the section labeled "Facts 2 Conspiracy" (doc. 4, p. 9-10), the Court will consider, for purposes of this motion for summary judgment, that Kennedy alleges that March 10, 2015 was the last date of any act which may support Kennedy's allegation of a § 1985(2) conspiracy claim.

In response to the motion for summary judgment, Kennedy explains that Defendant Municipal Judge Green presided over a trial on March 10, 2015 (doc. 39, p. 4). Thus, she argues that her conspiracy claims were timely filed. (Kennedy filed her complaint on March 10, 2017.)

Defendants argue that Kennedy's conclusory reference to a trial on March 10, 2015 is not sufficient to give rise to a timely claim against the Warren Defendants for conspiracy pursuant to 42 U.S.C. § 1985(2). Defendants point out that Kennedy has not alleged any facts in her amended complaint or provided any evidence at the summary judgment stage that the Warren Defendants "had anything to do with the 2015 trial"; therefore, summary judgment should be granted in their favor.

Section 1985(2) is captioned "Conspiracy to interfere with civil rights" and paragraph (2) sets forth as follows:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2).

The first clause of the statute applies to conspiracies to obstruct justice in proceedings in federal court. The phrase in "any court of the United States" has been interpreted to mean the federal courts. Thus, the first clause does not apply to the trial before Municipal Court Judge Green. *See Lumpkin v. Attorney Gen., Florida*, - - - Fed. Appx. - - -, 2017 WL 2799864, at *1 (11th Cir. June 28, 2017) ("Lumpkin also states no claim for relief under the first portion of section 1985(2), which applies only to conspiracies alleged to have deterred testimony in federal

13

court.").

The second clause of the statute provides a cause of action for "conspiracies to obstruct the course of justice in state courts" and therefore, appears to be the applicable portion of the statute. *Wicher v. Osceola Cty. Sheriff's Office*, 2011 WL 3136514, at *8 (M.D. Fla. Sept. 16, 2011), *aff'd*, 503 Fed. Appx. 732 (11th Cir. 2013) (citing *Kush v. Rutledge*, 460 U.S. 719, 723 (1983)). To state a claim under this clause, Kennedy "must plead a private conspiracy with a racial or otherwise class-based invidiously discriminatory motivation." *Lyon v. Ashurst,* 2009 WL 3725364, at *2 (11th Cir. Nov. 9, 2009); *Jimenez v. Wizel,* 644 Fed. Appx. 868, 873 (11th Cir. 2016) ("plaintiff must … show a racial or otherwise class-based discriminatory animus.").

"Irrespective of the type of conspiracy alleged, the plaintiff must provide sufficient allegations to make plausible that there was a 'meeting of the minds between two or more persons to accomplish [the] common and unlawful plan." *Jimenez,* 644 Fed. Appx. at 873 (quoting *McAndrew v. Lockheed Martin Corp.*, 206 F. 3d 1031, 1036 (11th Cir. 2000) (en banc)). Kennedy must allege facts from which a reasonable fact-finder could conclude that the alleged conspirators acted "with intent to deny to any citizen the equal protection of the laws[.]" *Lumpkin*, 2017 WL 2799864, at *1–2; *Pullins v. Hagins*, 2015 WL 1456198, at *8 (M.D. Fla. Mar. 23, 2015), *aff'd,* 637 Fed. Appx. 571 (11th Cir. 2016) ("Section 1985 provides a federal cause of action against any person who engages in various conspiracies, including conspiracies to obstruct the course of justice in state courts with the intent to deprive a person of equal protection of the laws or conspiracies to deprive a person of equal protection or equal privileges and immunities under the laws.") (citation omitted).

Kennedy did not allege in the amended complaint who was present at the March 10, 2015 trial or what offense was tried.  She argues in her response that the last act of the conspiracy was

the trial on March 10, 2015, adjudicated by Judge Matthew Green, but again she does not allege

who was present or what offense was tried. However, Kennedy also stated that "in spite of the 4

main defendants Ms. Brandi Sheppard, Mr. Cedrick Sellers, Ms. Veronica Young and Ms.

Nickie Kidd, running out the statute time by taking over 5 years to be tried for 1 count of

harassment, a misdemeanor, in the City's Municipal Court, the conspiracy was continuing" (Doc.

39, p. 4). She then argues that Defendants City Attorney Wible, City Attorney Williams, and

Judge Green "were determined to NOT find any of the Warren defendants guilty" meaning

Sheppard, Sellers, Young and Kidd (Id., p. 4-5) (emphasis in original). But Kennedy does not

argue that Defendants Warren Properties, Inc., Prosi, Adkins, Gross or Ivy conspired with these

four defendants to run "out the statute time" or that they were involved in any manner with the

state court proceedings that resulted in the March 2015 trial.[11]

Claims brought under § 1985 are subject to the same limitations period as personal injury

claims in the forum state. Therefore, the residual, two-year limitations period for personal injury

actions set forth in Code of Alabama § 6-2-38(l) applies. *See Trawinski v. United Technologies*,

313 F.3d 1295 (11th Cir. 2002) (finding that the § 1985 claim was barred by two-year statute of

limitations); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) ("As to the claims brought here

---

[11] Kennedy does allege in her amended complaint that in 2012, Mobile County District Attorney Rich "was contacted by Gary Moore[11] because Warren Properties needed to protect Veronica Young that she would never be prosecuted for assaulting me" (doc. 4, p. 7-8). She also alleges that "Brandi Sheppard, Veronica Young, and Nickie Kidd, have never been sanctioned for all they did to me. Plus, Warren Properties benefitted, they were already under a Consent Decree for Discrimination. I filed a HUD complaint, they had to discredit me by any means necessary and use as many people as it was going to take" (Id., p. 8). Kennedy then alleges that on September 11, 2012, "Veronica Young was found not guilty of assaulting me" (Id. p 8). Thus, the state court proceedings as to which Kennedy has alleged involvement on the part of the Warren Defendants appears to have concluded on September 11, 2012. There are no allegations in her amended complaint as to any conduct on the part of any defendant during the time period from September 11, 2012 to March 10, 2015.

under 42 U.S.C. §§ 1983 and 1985, precedent is clear that these are measured by the personal injury limitations period of the state."). Since the last alleged acts on the part of the Warren Defendants occurred in 2012, Kennedy's conspiracy claim pursuant to § 1985(2) is barred by the applicable statute of limitations. Accordingly, summary judgment is granted in favor of the Defendants.

DONE and ORDERED this the 30th day of November 2017.


**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**