# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| D. ANGELINA KENNEDY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO. 17-00114-KD-N |
| | ) |
| WARREN PROPERTIES, LLC, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court on *sua sponte* review of the docket. On March 10, 2017, Kennedy filed a complaint in this Court (doc. 1). On April 4, 2017, she amended her complaint (doc. 4). Kennedy alleges violations of the Fair Housing Act, 42 U.S.C. 3601, *et seq*, based on race and violations of § 3617, the anti-retaliation provision of the Act, which makes it unlawful to coerce, intimidate or threaten a person in the exercise of their rights protected by the Act. Kennedy also alleges violations of the Equal Protection Clause of the 14th Amendment ("Class of One" based on race), criminal conspiracy under 18 U.S.C. § 241 and § 371, and civil conspiracy under 42 U.S.C. § 1985(2). In support Kennedy alleges specific actions taken by the twenty-four individual and corporate Defendants from 2002 until 2012 while she was a tenant at Warren House Apartments. Among them are Defendants Nicole Kidd and Veronica Young.

Kennedy has provided the Court with Proof of Service indicating that a private process server personally served Kidd on July 14, 2017 (doc. 29). Kennedy also provided the Court with Proof of Service that Young was served by certified mail on June 23, 2017 (doc. 18). Young and Kidd have not filed an answer or otherwise responded to the amended complaint.

Pursuant to Civil Local Rule 41(b) for the Southern District of Alabama,

> Whenever a served Defendant has failed to answer or otherwise defend within six (6) months from the filing of the complaint and the Plaintiff has not sought default and default judgment, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.

S.D. Ala. CivLR 41(b).

More than six months has passed since the amended complaint was filed on April 4, 2017. Kennedy had not sought default and default judgment as to Kidd or Young. Therefore, she was ordered to show cause on or before December 29, 2017, why this Court should not dismiss Kidd and Young from this action for failure to prosecute her claims against them (doc. 67). The order also served as notice to Kennedy, as required by Civil Local Rule 41(b), that in accordance with the Court's inherent authority to manage the cases on its docket and Rule 41(b)[1] of the Federal Rules of Civil Procedure, the Court intended to dismiss this action without prejudice as to Kidd and Young for failure to prosecute.

Kennedy has now filed a response to the Court's order (doc. 69). Kennedy indicates that she does not intend to apply for default or default judgment as to Kidd and Young (doc. 69, p. 1 ("Who I am is why I couldn't request a default judgment"), p. 5 ("These 2 defendants were used as the battering ram to hurt me, endanger me, effect my life and my credibility. But they could not have done it alone. All the other guilty defendants have been exonerated, how am I supposed to ask for a default judgment against these two…" "…the court may do as it sees fit.").

Accordingly, notice having been given, this action is dismissed without prejudice as to Kidd and Young for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-32, 82 S.Ct. 1386, 1389 (1962) (Finding that inherent power is "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases", rejecting the contention that Rule 41(b) "prohibits involuntary dismissals for failure of the

---

[1] Fed. R. Civ. P. 41(b) ("Involuntary dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.")

plaintiff to prosecute except upon motion by the defendant", and interpreting Rule 41(b) not to restrict the court's inherent power to "dismiss *sua sponte* for lack of prosecution"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, (1991) (A district court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases."); *Townsend v. Beck*, 295 Fed. Appx. 950, 951-952 (11th Cir. 2008) (A "district court may act on its own motion to dismiss a claim under Rule 41(b)") (citing *Link*, 370 U.S. at 630)). *See Jacobs v. Clayton Cty. Solicitor Gen. Office*, 685 F. Appx. 824, 826 (11th Cir. 2017 ("A dismissal under Rule 41(b) is an adjudication on the merits and is thus a dismissal with prejudice unless the district court states otherwise.").

This action remains pending as to defendants Richard Colbourne, Frank R. Warren, Joanne C. Warren and Ronald T. Warren.

**DONE** and **ORDERED** this the 29th day of January 2018.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
