# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| D. ANGELINA KENNEDY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00114-KD-N |
| | ) | |
| WARREN PROPERTIES, LLC, *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) (Doc. 59) filed by Defendants Frank Warren, JoAnn Warren, Richard Colbourne, and Ronald Warren (collectively, "the Movant Defendants"). The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (9/25/2017 electronic referral). Plaintiff D. Angelina Kennedy has timely filed a response (Doc. 62) in opposition to the motion, and the Movant Defendants have timely filed a reply (Doc. 63) to the response. The motion is now under submission. (*See* Doc. 60). Upon consideration, and pursuant to § 636(b)(1)(B)-(C) and Federal Rule 72(b)(1), the undersigned **RECOMMENDS** that the Movant Defendants' motion be **GRANTED**.

### I.   *Legal Standards*

> By definition, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S. Ct. 242, 90 L. Ed. 185 (1946). A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution "as a matter of individual liberty" so that "the maintenance of the suit ... [does] not offend 'traditional notions of fair

> play and substantial justice.' " *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

*Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

> In the absence of valid service of process, proceedings against a party are void. *E. g., Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968). When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity. *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 27, 1981).[1] Under Federal Rule of Civil Procedure 12(b)(5), a defendant may bring a motion to dismiss based on insufficient service of process. In deciding a Rule 12(b)(5) motion, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

"[O]nce a *pro se* [] litigant is in court, he[ or she] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). *See also Albra*, 490 F.3d at 829 ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants,

---

[1] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 n.1 (11th Cir. 2013).

'we nevertheless have required them to conform to procedural rules.' " (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam)); S.D. Ala. GenLR 83.5(a).

## II. *Analysis*

This action was commenced on March 10, 2017. *See* (Doc. 1 [Complaint]); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). On June 22, 2017, the Court issued Kennedy a summons directed to Defendants "WARREN PROPERTIES, LLC, et al., and Ronald T. Warren, Richard K. Colbourne, Frank R. Warren, Joanne C. Warren" at a post office box in Escondido, California. (*See* Doc. 12 at 1).[2] In support of their motion, the Movant Defendants have presented an affidavit of Brooke Scism, Legal Coordinator for Warren Properties, Inc.[3] (Doc. 59-1). Scism avers the following:

- Phil Tursi, a Warren Properties employee, signed for certified mail addressed to the Escondido P.O. box on June 26, 2017, which "included one copy of the Summons and the First Amended Complaint in" this action. (*Id.* at 1, ¶ 3. *See also* Doc. 17 at 2).

- At no time has Tursi been an agent for Frank Warren, JoAnn Warren, or Richard Colbourne, nor was he specifically authorized to receive and deliver

---

[2] The Court initially issued requests for waiver of service for the Movant Defendants under Federal Rule of Civil Procedure 4(d) (*see* Doc. 5 at 1; Doc. 8), but none of the Movant Defendants returned a waiver.

[3] Kennedy has identified Warren Properties as an LLC in her pleadings, while Warren Properties identifies itself as a corporation in its filings. The undersigned finds no need to resolve this discrepancy in deciding the present motion and will simply refer to this artificial entity defendant herein as "Warren Properties."

mail to those individuals. (Doc. 59-1 at 2, ¶ 4). Tursi did not deliver a copy of the summons and first amended complaint to any of those individuals. (*Id.*, ¶ 6).

- The Escondido P.O. box "was not the usual mailing address or the usual place of business of Frank Warren, JoAnn Warren, or Richard Colbourne in June of 2017." (*Id.*, ¶ 5).

- There is no individual named "Ronald Warren" associated with Warren Properties, and Frank Warren has been deceased since January 2014. (*Id.*, ¶¶ 7 – 8).

Federal Rule of Civil Procedure 4(e) states that, with certain inapplicable exceptions,

> an individual…may be served in a judicial district for the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In her response (Doc. 62), Kennedy spends a great deal of page space asserting

arguments and additional factual allegations in support of her claims in this action. However, the merits of Kennedy's claims are not at issue in the present motion, nor may the Court address the merits of her claims against the Movant Defendants until she has first shown they have been validly served with process. Kennedy does point out that she also attempted to serve the Movant Defendants in Alabama. Since both California and Alabama are covered by multiple United States judicial districts, *see* 28 U.S.C. §§ 81, 84, and because the Movant Defendants are all individuals, Rule 4(e) governs how they may be served. No party offers evidence or argument indicating that Kennedy attempted service on any of the Movant Defendants by the methods permitted under Federal Rule 4(e)(2)(A) or (B). Thus, the undersigned proceeds to determine whether Kennedy adequately perfected service under either Federal Rule 4(e)(1) or (e)(2)(C).

Under Federal Rule 4(e)(2)(C), service can be made on an individual by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Under Alabama law – the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[,]" Fed. R. Civ. P. 4(e)(1) – "[s]ervice by certified mail shall be deemed complete…from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C). For purposes of Alabama Rule 4(i)(2)(C), " 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's

authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default." *Id.* Similarly, under California law – the "state law for serving a summons in an action brought in courts of general jurisdiction in the state…where service [wa]s made[,]" Fed. R. Civ. P. 4(e)(1) – with certain inapplicable exceptions "[a] summons may be served on a person…by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Civ. Proc. Code § 416.90 (West). *See also* Cal. Civ. Proc. Code § 415.30 (West) (permitting service under § 416.90 to be made by mail).[4]

Kennedy offers no evidence or argument to rebut the Movant Defendants' evidence that Tursi was not acting as their agent when he signed for the certified mailing of service sent to the Escondido P.O. box and did not deliver the summons and complaint to any of the Movant Defendants. Instead, she claims to have also "sent the Summons to an agent of Warren Properties," "an employee, Sabrina Gross[,]" who is also a defendant in this action. (Doc. 62 at 3). In support, she has

---

[4] In arguing that service was not sufficient under California law, the Movant Defendants do not argue agency, as they did with Alabama law. Instead they argue that, because California Code of Civil Procedure § 415.40 specifically provides for service of out-of-state persons by certified mail, and because the Movant Defendants were within the state of California at the time Kennedy attempted service, service upon them by certified mail would be ineffective. The Movant Defendants cite no case law to support this theory, and they have failed to convince the undersigned that § 415.40 stands for the proposition that service of an in-state person using certified mail, standing alone, renders such service invalid. *Cf.* Cal. Civ. Proc. Code § 415.30 (West) (providing for another method of service by mail). Nevertheless, both Alabama and California law require that service be made on a person or that person's authorized agent.

attached to her brief a return receipt for a certified mailing addressed to an apartment in Mobile, Alabama, and signed as received by Gross on June 24, 2017. (*Id.* at 16). However, this presents the same problem as does service on Tursi, as Kennedy has presented no evidence that Gross was acting as an agent of any of the Movant Defendants (as opposed to an agent of Warren Properties, an artificial entity with an existence distinct from its owners and employees) when Gross accepted the summons sent to her, or that Gross then delivered the summons to any of the Movant Defendants. Accordingly, the Movant Defendants have sufficiently shown they were not served in accordance with Rule 4(e)(2)(C), and Kennedy has failed to rebut that showing.[5]

The Movant Defendants also correctly argue that, under Federal Rule 4(b), Kennedy was required to serve each of them with a summons or copy of the summons, though this argument appears more appropriately raised under Federal Rule 12(b)(4) as "insufficient process," rather than Federal Rule 12(b)(5). *See* Fed. R. Civ. P. 4(b) ("A summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served."); *id.*, advisory committee's note to 1993 amendment ("If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified."). *Also cf. Moten v. Sullivan*, 974 F.2d 1342 (9th

---

[5] Though Kennedy disputes the Movant Defendants' claim that there is no "Ronald Warren" associated with Warren Properties and asserts "Ronald T. Warren" is listed a registered agent of the entity, she does not claim to have attempted service of process on that individual, apart from the certified mailings to Tursi and Gross.

Cir. 1992) (unpublished) (affirming Federal Rule 12(b)(4) dismissal of case for plaintiff's failure to comply with another requirement of Federal Rule 4(b)). Kennedy does not dispute that she failed to obtain a separate summons for each of the Movant Defendants, or that she failed to send a copy of the summons issued against ""WARREN PROPERTIES, LLC, et al." on each of the Movant Defendants.[6]

---

[6] Kennedy has presented her own affidavit averring, among other things, that the "Process and Service I executed for this case was complete, even if unpopular, and made available to all 18 Defendants, on April 14, 2017." (Doc. 62 at 10). The Movant Defendants correctly argue that this statement is properly disregarded as a legal conclusion masquerading as a fact. The sufficiency of service of process under Federal Rule 4 is a question of law for the Court to decide. *See Prewitt Enters.*, 353 F.3d at 920 ("We generally review the district court's interpretation of Fed. R. Civ. P. 4 on service of process as a matter of law *de novo*."). Moreover, even though the certified mailing receipts signed by both Tursi and Gross were dated in June 2017, Kennedy claims service of process was completed on April 14, 2017, which is the date on the Rule 4(d) waivers of service issued by the Clerk of Court. (Doc. 5). However, as was explained previously, *see supra*, n.2., none of the waivers issued to the Movant Defendants has been put in the record as executed and returned. In the absence of the executed waivers, Kennedy was required to provide proof of service of process on the Movant Defendants. *See* Fed. R. Civ. P. 4(d)(4). As explained above, she has not done so.

While Kennedy also avers that she has "diligently obeyed every rule; and complied with every Order to the best of my understanding, knowledge, and health" (Doc. 62 at 10), a *pro se* plaintiff's diligent efforts at service do not excuse a failure to properly effect service. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (per curiam) (unpublished) ("Regardless of whether Kammona put forth substantial effort in serving Schcolnik, none of his methods succeeded in properly serving the complaint…Accordingly, we affirm the district court's dismissal without prejudice of Kammona's complaint pursuant to Rule 12(b)(5) for insufficient service of process with regard to Schcolnik.").

In their reply (Doc. 63), the Movant Defendants have also moved to strike Kennedy's affidavit. Under Federal Rule of Civil Procedure 12(f), a district court may strike portions of a "pleading." However, an affidavit attached to a response brief is not a pleading. *See* Fed. R. Civ. P. 7(a) (enumerating what "pleadings" are allowed). Moreover, "a motion to strike is a drastic remedy and is disfavored by the courts. Therefore, a motion to strike should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357,

Accordingly, Kennedy has failed to show that the process she attempted to serve on the Movant Defendants was itself sufficient.

"The plaintiff is responsible for having the summons and complaint served with the time allowed by [Federal] Rule 4(m)…" Fed. R. Civ. P. 4(c)(1). Under Federal Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Far more than 90 days have passed since the filing of the complaint on March 10, 2017, and as explained above Kennedy has failed to prove sufficient service on any of the Movant Defendants. Moreover, her response (Doc. 62) fails to show good cause warranting an extension of time to perfect service on any of the Movant Defendants.

Accordingly, the undersigned finds that the Movant Defendants' motion to dismiss (Doc. 59) is due to be **GRANTED** under Federal Rule 12(b)(5) for insufficient service of process or, alternatively, under Federal Rule 12(b)(4) for insufficient process.

### III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS**

---

358 (M.D. Fla. 2012) (citation and quotation omitted). Upon consideration, the undersigned **RECOMMENDS** that the motion to strike (Doc. 63) be **DENIED**. However, the undersigned treats the motion to strike as raising objections to Kennedy's affidavit and has considered those objections accordingly.

that the motion to dismiss (Doc. 59) filed by Defendants Frank Warren, JoAnn Warren, Richard Colbourne, and Ronald Warren be **GRANTED** under Federal Rule of Civil Procedure 12(b)(5) or, alternatively, under Federal Rule 12(b)(4), and that Kennedy's claims against those Defendants be **DISMISSED without prejudice**. The undersigned further **RECOMMENDS** that the Movant Defendants' motion to strike (Doc. 63) be **DENIED**.

Finally, because the Court's adoption of the foregoing recommendation would result in dismissal of all remaining defendants in this action, the undersigned **RECOMMENDS** that final judgment be issued accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review

on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 8th day of February 2018.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**